UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONYALE K. BELL,

                Plaintiff,

    v.                               **DECISION AND ORDER**

ERIE COUNTY DETENTION FACILITY,           13-CV-489S

                Defendant.

    1.  Plaintiff Bell commenced this action on May 9, 2013, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, §§ 2000e et seq., and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. Bell alleges she was discriminated and retaliated against because of her race and gender while working as a Youth Detention Worker at the Erie County Detention Facility.

    2.  Defendant has moved to dismiss the Complaint on the ground that the detention facility[1] is a department of a municipal entity and not subject to suit. Plaintiff responded to the motion with an affidavit, styled as an amendment to her Complaint. Therein, she disputes Defendant's contention that she did not correctly name the department in which she works, but does not address any other matter. As explained below, Defendant's motion to dismiss the claims against it, under both Federal and State law, must therefore be granted.

    3. In enacting the 1972 Amendments to Title VII, Congress extended the Act's

---

1 According to Defendant, the correct name of the facility is Erie County Youth Services Center—Secure Division.

coverage to include states and local governments as employers. <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445, 452-53 n.9 (1976); <u>Ricci v. DeStefano</u>, 557 U.S. 557, 609 (2009). Nonetheless, federal courts must look to state law to determine whether a governmental entity may be sued. Fed. R. Civ. P. 17(b)(3). Defendant argues correctly that the Erie County Detention Facility is an improper party here.

4.   Under New York Law, a county—such as the County of Erie—is a municipal corporation capable of bringing suit and being sued. N.Y. Gen. Municipal Law §2. A detention facility, however, is merely a subdivision of the municipal corporation. <u>Brown v. County of Erie</u>, No. 12-CV-251A, 2013 U.S. Dist. LEXIS 32507, at *6 (Mar. 8, 2013). Because a municipal department does not exist separate and apart from the municipality, nor is it considered its own legal entity, it cannot sue or be sued. <u>Id</u>. (finding Erie County Sheriff's Office (Holding Center) was improper party, but case could proceed against named party County of Erie); <u>see</u> <u>also</u>, <u>Loria v. The Town of Irondequoit</u>, 775 F. Supp. 599 (WDNY 1990).

5.   Plaintiff's proposed amendment to the Complaint does not correct this deficiency by, for example, seeking to add the County of Erie as a defendant. Accordingly, Plaintiff's proposed amendment is denied as futile, Defendant's motion to dismiss on the ground it is not a party subject to suit is granted, and Plaintiff's claims are dismissed without prejudice.

* * * * * *

IT HEREBY IS ORDERED that Defendant's Motion to Dismiss (Docket No. 8) is GRANTED;

FURTHER that Plaintiff's claims are dismissed WITHOUT PREJUDICE;

FURTHER that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   May 7, 2014
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court